IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEWLETT-PACKARD COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>ACER, INCORPORATED; ACER AMERICA CORPORATION,<br><br>Defendants. | Civil Action No.:  2:07-CV-103 (TJW)<br><br>**JURY TRIAL DEMANDED** |

**HEWLETT-PACKARD COMPANY'S COMPLAINT FOR
PATENT INFRINGEMENT**

Plaintiff Hewlett-Packard Company hereby demands a jury trial and alleges as follows:

## PARTIES

1. Plaintiff Hewlett-Packard Company is a corporation organized under the laws of the state of California with its principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

2. On information and belief, Defendant Acer, Inc. is a corporation organized and existing under the laws of Taiwan with a principal place of business at 8F, No. 8, Sec. 1, Hsin Tai Wu Rd., Hsichih, Taipei Hsien 221, Taiwan. On information and belief, Acer, Inc. operates throughout the United States personally and through its wholly-owned subsidiary, Acer America Corporation, and transacts business in this judicial district, including the sale and offering for sale of its products.

3. On information and belief, Defendant Acer America Corporation is a corporation organized and existing under the laws of the state of California and is a wholly-owned subsidiary of Acer, Inc. Acer America's principal place of business is located at 333 West San Carlos Street, Suite 1500, San Jose, CA 95110. On information and belief, Acer America Corporation operates throughout the United States and transacts business in this judicial district, including the sale and offering for sale of its products.

4. In this complaint, Acer, Inc. and Acer America Corporation are collectively referred to as "Acer."

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action as provided for in 28 U.S.C. §§ 1331 and 1338(a), and pursuant to the Patent Laws of the United States, 35 U.S.C. §1 *et seq*.

6.     This Court has personal jurisdiction over Acer because Acer transacts business in this State and because Acer has sufficient minimum contacts with this State.

7.     Venue in this judicial district is proper under the provisions of 28 U.S.C. §§ 1391(b) and (c) and 1400(b) as Acer conducts substantial business in this district and has committed and continues to commit acts of infringement in this district.

## PATENTS

8.     On December 31, 2002, United States Patent No. 6,501,721 ("the '721 patent") was duly and legally issued for an invention entitled "Spliceless Editing of a Read/Write Optical Medium."  A true and correct copy of the '721 patent is attached as Exhibit A and incorporated herein by reference.

9.     On August 20, 2002, Unite States Patent No. 6,438,697 ("the '697 patent") was duly and legally issued for an invention entitled "Demand-Based Processor Clock Frequency Switching."  A true and correct copy of the '697 patent is attached as Exhibit B and incorporated herein by reference.

10.    On August 19, 2003, United States Patent No. 6,609,211 ("the '211 patent") was duly and legally issued for an invention entitled "Utilization-Based Power Management of a Clocked Device."  A true and correct copy of the '211 patent is attached as Exhibit C and incorporated herein by reference.

11.    On April 6, 1999, United States Patent No. 5,892,933 ("the '933 patent") was duly and legally issued for an invention entitled "Digital Bus."  A true and correct copy of the '933 patent is attached as Exhibit D and incorporated herein by reference.

12.    On January 21, 1997, United States Patent No. 5,596,759 ("the '759 patent") was duly and legally issued for an invention entitled "Method For Initializing A Multiple Processor

Computer System Using A Common Rom." A true and correct copy of the '759 patent is attached as Exhibit E and incorporated herein by reference.

13. The '721 patent, '697 patent, '211 patent, '933 patent, and '759 patent are collectively referred to herein as the "Asserted Patents."

## ACER'S INFRINGEMENT OF THE ASSERTED PATENTS

14. The Asserted Patents generally relate to technologies incorporated in Acer-branded personal computers and components thereof.

15. On information and belief, Acer currently ranks as the world's number four branded personal computer vendor and is a supplier of personal computers, including desktops, notebooks, media centers and related products for home and business use. Acer markets and sells its products worldwide through its channel business partners and through various retail companies, both at retail outlet locations and through various retail outlets' websites.

16. On information and belief, certain of Acer's desktop, notebook and media center computers are manufactured for Acer by third parties located throughout Asia.

## COUNT 1

### (Infringement of the '721 Patent)

17. HP incorporates by reference the allegations of paragraphs 1 through 16.

18. HP is the assignee and owner of all right, title, and interest in and to the '721 patent. Accordingly, HP has the right to bring this suit for damages and injunctive relief.

19. On information and belief, Acer has infringed and continues to infringe the '721 patent by making, using, offering for sell, and selling (directly or through intermediaries) in the United States and/or importing into the United States products that infringe the '721 patent, such as personal computers, including desktops, notebooks, media centers and related products for

home and business use.  On information and belief, Acer has also contributed to the infringement of the '721 patent, and/or actively induced others to infringe the '721 patent.

20. On information and belief, Acer's infringement of the '721 patent has been willful.

21. HP is entitled to recover from Acer the damages sustained as a result of Acer's wrongful acts in an amount to be proven at trial.

22. Acer's infringement has caused irreparable harm to HP for which there is no adequate remedy at law.  HP will continue to be harmed unless and until Acer's infringement is enjoined by this Court.

## COUNT 11

### (Infringement of the '697 Patent)

23. HP incorporates by reference the allegations of paragraphs 1 through 22.

24. HP is the assignee and owner of all right, title, and interest in and to the '697 patent.  Accordingly, HP has the right to bring this suit for damages and injunctive relief.

25. On information and belief, Acer has infringed and continues to infringe the '697 patent by making, using, offering for sell, and selling (directly or through intermediaries) in the United States and/or importing into the United States products that infringe the '697 patent, such as personal computers, including desktops, notebooks, media centers and related products for home and business use.  On information and belief, Acer has also contributed to the infringement of the '697 patent, and/or actively induced others to infringe the '697 patent.

26. On information and belief, Acer's infringement of the '697 patent has been willful.

27. HP is entitled to recover from Acer the damages sustained as a result of Acer's wrongful acts in an amount to be proven at trial.

28. Acer's infringement has caused irreparable harm to HP for which there is no adequate remedy at law. HP will continue to be harmed unless and until Acer's infringement is enjoined by this Court.

## COUNT III

### (Infringement of the '211 Patent)

29. HP incorporates by reference the allegations of paragraphs 1 through 28.

30. HP is the assignee and owner of all right, title, and interest in and to the '211 patent. Accordingly, HP has the right to bring this suit for damages and injunctive relief.

31. On information and belief, Acer has infringed and continues to infringe the '211 patent by making, using, offering for sell, and selling (directly or through intermediaries) in the United States and/or importing into the United States products that infringe the '211 patent, such as personal computers, including desktops, notebooks, media centers and related products for home and business use. On information and belief, Acer has also contributed to the infringement of the '211 patent, and/or actively induced others to infringe the '211 patent.

32. On information and belief, Acer's infringement of the '211 patent has been willful.

33. HP is entitled to recover from Acer the damages sustained as a result of Acer's wrongful acts in an amount to be proven at trial.

34. Acer's infringement has caused irreparable harm to HP for which there is no adequate remedy at law. HP will continue to be harmed unless and until Acer's infringement is enjoined by this Court.

## COUNT IV

### (Infringement of the '933 Patent)

35. HP incorporates by reference the allegations of paragraphs 1 through 34.

SD\1675234.2
327492-119

36. HP is the assignee and owner of all right, title, and interest in and to the '933 patent. Accordingly, HP has the right to bring this suit for damages and injunctive relief.

37. On information and belief, Acer has infringed and continues to infringe the '933 patent by making, using, offering for sell, and selling (directly or through intermediaries) in the United States and/or importing into the United States products that infringe the '933 patent, such as personal computers, including desktops, notebooks, media centers and related products for home and business use. On information and belief, Acer has also contributed to the infringement of the '933 patent, and/or actively induced others to infringe the '933 patent.

38. On information and belief, Acer's infringement of the '933 patent has been willful.

39. HP is entitled to recover from Acer the damages sustained as a result of Acer's wrongful acts in an amount to be proven at trial.

40. Acer's infringement has caused irreparable harm to HP for which there is no adequate remedy at law. HP will continue to be harmed unless and until Acer's infringement is enjoined by this Court.

## COUNT V

### (Infringement of the '759 Patent)

41. HP incorporates by reference the allegations of paragraphs 1 through 40.

42. HP is the assignee and owner of all right, title, and interest in and to the '759 patent. Accordingly, HP has the right to bring this suit for damages and injunctive relief.

43. On information and belief, Acer has infringed and continues to infringe the '759 patent by making, using, offering for sell, and selling (directly or through intermediaries) in the United States and/or importing into the United States products that infringe the '759 patent, such as personal computers, including desktops, notebooks, media centers and related products for

home and business use.  On information and belief, Acer has also contributed to the infringement of the '759 patent, and/or actively induced others to infringe the '759 patent.

46. On information and belief, Acer's infringement of the '759 patent has been willful.

45. HP is entitled to recover from Acer the damages sustained as a result of Acer's wrongful acts in an amount to be proven at trial.

46. Acer's infringement has caused irreparable harm to HP for which there is no adequate remedy at law.  HP will continue to be harmed unless and until Acer's infringement is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, HP prays for the following relief:

A. That HP be adjudged the owner of the Asserted Patents and entitled to all rights of recovery thereunder, and that such patents are valid and enforceable;

B. That Acer be adjudged to have infringed, induced infringement, and/or contributed to infringement of the Asserted Patents, and that such infringement was willful;

C. That Acer, its officers, principals, agents, attorneys and employees, and all others acting under their direction and authority, and their successors and assigns, be enjoined by preliminary and/or permanent injunction from infringement, inducement of infringement, and contributory infringement of each of the Asserted Patents;

D. That HP be awarded all damages adequate to compensate it for Acer's infringement of the Asserted Patents, such damages to be determined by a jury;

E. That HP be awarded treble damages in view of Acer's willful infringement of the Asserted Patents;

    F. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that HP be awarded the attorneys' fees, costs, and expenses that it incurs prosecuting this action;

    G. That HP be awarded prejudgment interest; and

    H. For such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

HP demands a jury trial on all issues.

Dated:  March 27, 2007                                   Respectfully submitted,

                                                By:   */s/ Charles Ainsworth*
                                                      Charles Ainsworth
                                                      Tx State Bar No. 00783521
                                                **PARKER, BUNT & AINSWORTH, P.C.**
                                                100 E. Ferguson, Suite 1114
                                                Tyler, Texas 75702
                                                Tel: (903) 531-3535
                                                Fax: (903) 533-9687
                                                charley@pbatyler.com

                                                Danny Williams
                                                Texas Bar No. 21518050
                                                **WILLIAMS, MORGAN & AMERSON P.C.**
                                                10333 Richmond Ave., Suite 1100
                                                Houston, Texas 77042
                                                Tel: (713) 934-4060
                                                Fax: (713) 934-7011
                                                danny@wmalaw.com

                                                ATTORNEYS FOR PLAINTIFF
                                                HEWLETT PACKARD COMPANY


                                  OF COUNSEL:

                                    John Allcock
                                    Cal. State Bar No. 98895
                                    Sean C. Cunningham
                                    Cal. State Bar No. 174931
                                    John D. Kinton
                                    Cal. State Bar No. 203250
                                    Brian M. Fogarty
                                    Cal. State Bar No. 218792
                                    DLA PIPER US LLP
                                    401 B Street, Suite 1700
                                    San Diego, CA 92101
                                    Tel: 619.699.2828
                                    Fax: 619.699.2701
                                    john.allcock@dlapiper.com

                                    Andrew P. Valentine
                                    Cal. State Bar No. 162094

- 9 -

- 10 -

        Alan A. Limbach
        Cal. State Bar No. 173059
        Brent K. Yamashita
        Cal. State Bar No. 206890
        DLA PIPER US LLP
        2000 University Avenue
        East Palo Alto, CA  94303-2248
        Tel: 650.833.2000
        Fax: 650.833.2001

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record by electronic mail via the Court's ECF system on this 27th day of March 2007.

By: _____*/s/ Charles Ainsworth*_____
Charles Ainsworth
