**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| HEWLETT-PACKARD CO., | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-103-CE |
| | § | |
| ACER, INC., ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

## 1. Introduction

In this case, Hon Hai Precision Industry Co., LTD ("Hon Hai") has filed a motion to dismiss the third-party complaint filed by Acer, Inc. and Acer America, Corp. (collectively "Acer"). The substance of Hon Hai's briefing is incorporated by reference from a similar motion Hon Hai filed in a separate, but related case. *See Acer America Corp. v. Hon Hai Precision Industry Co., LTD.*, No. 2:07-CV-181 (E.D. Tex.) (Dkt No. 51).

## 2. Factual Background

On March 27, 2007, Hewlett-Packard Co. ("HP") filed the instant action against Acer for patent infringement. The patents-in-suit are directed to computers, such as desktop computers. *See* Dkt. No. 1. On July 19, 2007, Acer filed a third-party complaint against numerous of its suppliers for indemnification of HP's patent infringement claims. *See* Dkt. No. 42. The instant action is one of three currently pending patent suits filed by HP against Acer. HP filed a second action in this district for the infringement of different patents,[1] as well as a patent infringement proceeding in the International Trade Commission. *See Hewlett-Packard, Co. v. Acer, Inc.*, No. 2:07-CV-150 (E.D.

[1] This second action has been stayed at the parties' request pending finality of the proceedings at the ITC. *See* Dkt. No. 9.

Tex.); *Hewlett-Packard, Co. v. Acer, Inc.*, No. 337-2543 (ITC). On May 8, 2007, Acer filed a separate action in this district against its suppliers for indemnification across all three HP patent-infringement actions. *Acer America, Corp. v. Hon Hai Precision Industry Co., LTD*, 2:07-CV-181 (E.D. Tex.). With the exception of Hon Hai, all other alleged indemnitors are willing to participate in the actions at hand, and have answered the relevant complaint.

Acer, Inc. and Hon Hai are Taiwanese entities, and have entered into a Supply Agreement, effective February 1, 2003, and a Memorandum of Agreement ("MOA"), effective February 25, 2003. *See* Acer Response, Exhibits D-E. Each agreement inures to the benefit of Acer, Inc.'s affiliates, such as any subsidiary of Acer, Inc. *See id.* The Supply Agreement contains a choice of law provision, as well as a proper forum clause, which states:

> This Agreement shall be governed and construed in all respects in accordance with the substantive laws of Republic of China (R.O.C.), excluding its conflicts of laws rules and excluding the United Nations Convention on the International Sale of Goods. The Parties hereby irrevocably submits [sic] to the jurisdiction of Taipei District Court, the district courts in Taipei City, Taiwan, R.O.C. and hereby agrees that such court shall be a proper forum for the judicial determination of any dispute arising thereunder.

Acer's Response, Exhibit D at 5. The MOA does not contain a choice of law provision or any type of forum selection clause.

The MOA contains an indemnification clause, which states:

> [Hon Hai] will, at [Hon Hai's] sole expense, protect, indemnify, defend and hold harmless Acer, its parents, subsidiaries, [and] affiliates . . . from and against any and all damages, costs, losses, claims, actions, suits, demands, liabilities, fines and expenses (including without limitation attorneys' fees) arising out of, as a result of or in connection with any of the following: (a) that the Products infringe any patent . . . right of a third party . . . . Further, Acer agrees to promptly notify [Hon Hai] of any such claim, and at [Hon Hai's] request and expense, to provide [Hon Hai] with reasonable assistance in the defense of any such claim. Acer may, at its option, participate in the defense of a claim at its expense with counsel of its own choosing.

Acer's Response, Exhibit E at 2-3. The indemnification clause in the Supplier Agreement is slightly different from the above indemnification clause. In this regard, it contains language that appears to condition Hon Hai's indemnification obligation on Hon Hai's control of the defense, while maintaining Acer's right to separately participate in any litigation. The Supplier Agreement also contains a provision that allows Acer to ask Hon Hai to retain the counsel chosen by Acer, such as in the event Acer believes Hon Hai's counsel is underperforming. *See* Acer Response, Exhibit D at 3-4.

On April 27, 2007, Acer transmitted a letter to Hon Hai formally notifying Hon Hai of the three HP patent infringement lawsuits. This letter reminded Hon Hai of the MOA and Supplier Agreement, and formally demanded that Hon Hai "take affirmative action to support Acer by filing a motion to intervene" in the pending actions, and assert its cross-license with HP as an affirmative defense on behalf of Acer. *See* Acer's Response, Exhibit F at 2. Hon Hai refused Acer's request, and Acer filed the third-party indemnity complaint at issue. Hon Hai thereafter filed the instant motion to dismiss, which is now ripe for decision.

## 3. Discussion

### A. Acer's Claims are Ripe for Adjudication.

Hon Hai contends that Acer's claims are not ripe for adjudication because HP has not yet specifically accused any Hon Hai products of infringement. However, HP has already accused Hon Hai's Power S290 product of infringement in the ITC action. Given this specific product allegation, combined with Acer's knowledge of its product line in view of HP's infringement allegations, the court finds that a cognizable claim for infringement against Hon Hai's products exist. Additionally, in both agreements, Hon Hai agreed to indemnify Acer against any claims of patent infringement.

*See* Acer's Response, Exhibits E-D. As such, the court determines that Acer's indemnity allegations are sufficiently ripe to withstand the motion to dismiss.

Hon Hai also contends that its obligations under the Supplier Agreement have not been triggered because Acer has not tendered its defense to Hon Hai. Hon Hai's arguments fail to address the MOA, however, which does not contain this specific provision. The court therefore finds that Hon Hai's indemnity obligations have been triggered.

**B. Hon Hai Cannot Prove that the Eastern District of Texas is an Inconvenient Forum.**

Hon Hai also seeks a dismissal for *forum non conveniens*. Hon Hai carries the burden of proving all elements of the *forum non conveniens* analysis. *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147 (5th Cir. 1987) (en banc). In this regard, Hon Hai must prove that Taiwan is an adequate and available forum to resolve Acer's indemnity claims against all of the indemnitors. *Id.* If Hon Hai carries this burden, it must then establish that the "private and public interests weigh *heavily*" in favor of trial in the foreign forum. *Id.* (emphasis added). Dismissal on *forum non conveniens* grounds is appropriate "where the plaintiff is unable to offer any specific reasons of convenience supporting [its] choice." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981).

Here, Acer offers specific reasons why retaining its third-party action against Hon Hi in the Eastern District of Texas makes the trial of this case convenient. For example, in the event Hon Hai's third-party complaint is dismissed, the court must still address similar indemnity issues as part of Acer's third-party complaint against Comapal Electronics, Inc., Quanta Computer, Inc., and Wistron Corp. Because Hon Hai supplies the accused products to Acer, Acer's claims against Hon Hai are tied to Acer's counter-claims against HP. *Monolithic Power Sys., Inc. v. O2 Micro Int'l*

*LTD.*, 2006 WL 2839008, *4 (N.D. Cal. 2006) (citing *Ashe v. Swenson*, 397 U.S. 436, 455 (1970)) (stating a "pervasive purpose" of the Rules is "the require or encourage the consolidation of related claims in a single lawsuit."). Additionally, HP, not Acer, selected the Eastern District as the forum of choice for resolution of its patent infringement claims. As such, Acer's third-party complaint against Hon Hai does not involve a situation where "the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where the suit was brought and let it start all over again somewhere else." *Id.* (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955) (internal quotations omitted)). In view of the above, Hon Hai fails to show that the private and public interest factors weigh heavily in favor of dismissal. The court will therefore not dismiss Acer's complaint against Hon Hai.

      **C.    The Eastern District of Texas is an Appropriate Forum Because the Forum Selection Clause in the Supplier Agreement is Permissive.**

Hon Hai contends that the court should dismiss Acer's complaint because Acer contracted for the exclusive adjudication of the indemnity issues in Taiwan. In this regard, the Supplier Agreement states that the parties agree that the Taiwan District Court shall be a court of "proper forum for the judicial determination of any dispute arising thereunder." Acer's Response, Exhibit D at 6. As is evident from the contract provision, however, the forum selection contract is permissive. The court therefore rejects Hon Hai's argument, and determines that the Eastern District of Texas is an appropriate forum for resolution of the indemnification issues between Acer and Hon Hai.

**4. Conclusion**

As discussed above, the court determines that Acer's indemnity claims against Hon Hai are ripe. Additionally, the court determines that Hon Hai failed to prove that this forum is inconvenient for resolution of the indemnity claims because the underlying patent dispute gives rise to Acer's indemnity claims. Therefore, Hon Hai's motion to dismiss (#69) is denied.

SIGNED this 31st day of March, 2008.

CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE